UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00376-RJC-DSC

| MARIANO OSPINA BARAYA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| ANGELA MERCEDES OSPINA BARAYA, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration. (Doc. No. 6).

## I. BACKGROUND

On August 19, 2022, this Court entered an order dismissing this action without prejudice "because, as the Plaintiff admits, it is 'almost identical' to another pending action in this Court, Case No. 3:21-cv-640-FDW-DSC." (Doc. No. 4 at 2). In the dismissal Order, the Court noted, "[t]he instant case is so overlapping and duplicative of Case No. 3:21-cv-640 that the Court cannot allow the two actions to proceed simultaneously. See also Case No. 3:22-cv-309-MOC-DCK (dismissed as duplicative of Case No. 3:21-cv-640)." Thereafter, Plaintiff filed the instant motion asking that the Court reconsider its decision. (Doc. No. 6).

## I. STANDARD OF REVIEW

"[I]f a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] . . . and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." *Fletcher v. Carter*, 700 Fed. App'x 270, 271 (4th Cir. 2017); *Cohen v. Rosensetin*, 804 Fed. App'x 194, 195-96 (4th Cir. 2020). In the Fourth Circuit,

"[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Id.* (internal citation omitted). The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" *Woodrum v. Thomas Mem'l Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (internal quotations omitted). Motions for reconsideration under Rule 59(e) are within the district court's discretion. *Cohen*, 804 Fed. App'x at 195.

## II. DISCUSSION

Plaintiff's motion for reconsideration was filed within twenty-eight days of the Court's dismissal Order and thus will be constructed as a Rule 59(e) motion. *Fletcher*, 700 Fed. App'x at 271. Plaintiff fails to show why reconsideration is appropriate here. Plaintiff has not shown an intervening change in law, presented newly discovered evidence, or shown that the Court made a clear error of law. Plaintiffs assertion that the Defendants in this action are not defendants in Case No. 3:21-cv-00640-FDW-DSC is inconsistent with the docket for Case No. 3:21-cv-00640-FDW-DSC (listing defendants to include Patricia Helena Ospina Baraya, Rafael Ignacio Ospina Baraya, and Angela Mercedes Ospina Baraya). Therefore, Plaintiff's Motion for Reconsideration is denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No.

6), is **DENIED**.

Signed: September 21, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge